UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY, | No. 2:13-cv-0710 GEB AC P |
| Petitioner, | |
| v. | FINGINGS AND RECOMMENDATIONS |
| M. McDONALD, Warden, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss. ECF No. 12.  The motion has been fully briefed.

I.      Allegations of the Petition

Petitioner, who was sentenced in 2004 to a determinate term of fifteen years and eight months for armed robbery and carjacking, was validated in 2011 as an associate of the Aryan Brotherhood prison gang.  Petition (ECF No. 1) at 6, 14-15.  As the result of gang validation, petitioner received an indeterminate SHU term and was transferred Pelican Bay State Prison (PBSP).  His reclassification resulted in a "new parole date" of November 24, 2020.  Id. at 15. Petitioner alleges that his indeterminate SHU term places him on D-Status, which bars him from earning good time credits.  Id. at 52, citing Cal. Pen. Code §§ 2933, 2933.05.  Petitioner makes the following claims: (1) his placement in the SHU violates state regulations as well as his Eighth

1

Amendment rights, imposing an atypical and significant hardship upon him in relation to the ordinary incidents of prison life; (2) he is entitled to a fair validation process and active/inactive review pursuant to state regulations and his rights under the Fourteenth and Sixth Amendments; (3) respondent's refusal to provide evidence central to his defense, on grounds it constitutes confidential information, violates his Sixth and Fourteenth Amendment rights and state regulations. Id. at 2, 9-10. Petitioner asks that the gang validation finding be reversed or vacated, and seeks expungement from his prison central file of the information used to validate him. Id. at 16.

## II. Motion to Dismiss

Respondent argues (1) that petitioner's claims fall outside the scope of habeas jurisdiction, and (2) that his state law claims should be dismissed.

### A. Habeas Jurisdiction

Federal law provides two main pathways to relief regarding prison-related complaints: a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id.; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-491. This is because the writ of habeas corpus traditionally functions "to secure release from illegal physical custody." Preiser v. Rodriguez,

411 U.S. at 484.

In Preiser, the Supreme Court held that prisoners alleging the unconstitutional deprivation of good-conduct time credits must seek relief by way of habeas corpus, because resolution of the dispute about credits would directly affect the duration of custody.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), prisoners challenged the constitutionality of state parole procedures by way of an action under § 1983.  The Court found that success would not necessarily result in the in inmates' immediate release or a shorter term in prison.  At most, successful inmates would obtain "*consideration* of a new parole application"[1] or a new hearing at which parole authorities would retain the discretion to deny parole.  Accordingly, the Court held that the claims did not lie at "'the core of habeas corpus'" and were properly pursued via § 1983. Id. (quoting Preiser, supra, at 489).  In Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011), the Supreme Court held that "a postconviction claim for DNA testing is properly pursued in a § 1983 action" because success would not necessarily mean a speedier release but instead would "gain[] for the prisoner only access to the DNA evidence, which may prove exculpatory, inculpatory or inconclusive."  In Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011), the Ninth Circuit applied these principles in ruling that habeas jurisdiction does not extend to the request of a death-sentenced inmate for an order compelling a state court to process his appeal.  Because such relief does not itself effect the duration of custody, the underlying constitutional claim must be presented in a civil rights action under § 1983.

Respondent relies on these cases to argue that petitioner's claims do not sound in habeas.  Respondent contends that a favorable judgment would not necessarily lead to petitioner's immediate release or a shorter prison stay, but would only result in his not being identified as an associate of a prison gang based on the evidence used to validate him in 2011.  Motion to Dismiss

---

[1] Emphasis in original.

1  (ECF No. 12) at 3. Respondent argues that petitioner's release from SHU would not necessarily
2  result in additional good time credits. Id. at 3-4, citing Cal. Pen. Code § 2933(c) ("[c]redit is a
3  privilege, not a right)." Under Cal. Pen. Code § 2933(c), "credit must be earned" but can be
4  forfeited by misconduct pursuant to Cal. Pen. Code § 2932.

5  However, the Ninth Circuit has found habeas corpus jurisdiction available "when a
6  petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to
7  accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th
8  Cir.1989). In Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit
9  highlighted the fact that "in speaking of claims only 'likely to accelerate' eligibility for parole,
10 Bostic defined a class of suits outside the 'core' habeas claims identified in Preiser." Thus, the
11 Ninth Circuit understood "Bostic's use of the term 'likely' to identify claims with a sufficient
12 nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core'
13 challenges identified by the Preiser Court." Docken, 293 F.3d at 1031. The Docken court found
14 that the Supreme Court's precedents have spoken to "how far the general remedy provided by §
15 1983 may go before it intrudes into the more specific realm of habeas, not the other way around."
16 Id. at 1028, referencing Preiser, supra; Heck v. Humphrey, 512 U.S. 477 (1994); Nelson v.
17 Campbell, 541 U.S. 637 (2004). The Ninth Circuit has expressed its reluctance "to unnecessarily
18 constrain our jurisdiction to entertain habeas petitions absent absent clear indicia of congressional
19 intent to do so." Docken, 393 F.3d at 1031. Despite a claim not fitting within the habeas "core"
20 identified by Preiser, therefore, "when prison inmates seek only equitable relief . . . that, so long
21 as they prevail, *could* potentially affect the duration of their confinement, such relief is available
22 under the federal habeas statute." Id. [emphasis in original].

23 Respondent also contends that petitioner has no protected liberty interest under Cal. Pen.
24 Code § 2933, arguing that the possibility of earning credits under Cal. Pen. Code § 2933 has not
25 been found sufficient to trigger constitutional protection. ECF No. 12 at 4. Petitioner cites Kalka
26 v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally
27 protected liberty interest"); Reed v. Knipp, 2012 WL 6570906 at *2, No. 2:11-cv-2753 (E.D. Cal.
28 Dec. 17, 2012) (Cal. Pen. Code § 2933 "does not create a liberty interest in earning conduct

4

credits . . . ."); Aguirre v. Gonzalez, 2013 WL 1641590 at * 4, No. 1:13-cv-00120 (E.D. Cal. Apr. 16, 2013) (California prisoners do "not have a federal right to earn prison credits."). ECF No. 12 at 4; ECF No. 12-1 at 1-10. Based on this authority, respondent contends that the possibility that petitioner may earn sentencing-reducing credits is insufficient to confer habeas jurisdiction. In his opposition, petitioner submits documentation showing that he earned 239 credits prior to his SHU placement, essentially seeking to posit the loss of the ability to earn time credits was not speculative. Opposition (ECF No. 16) at 4, 25-26.[2] Respondent insists that a potential sentence reduction is inadequate to confer habeas jurisdiction.

District courts have found habeas jurisdiction where a petitioner seeks expungement of his revalidation as active gang member even though expungement would not necessarily shorten petitioner's sentence. See, e.g., Flores v. Lewis, 2011 WL 2531240 *4, No. C 10-2773 RMW (PR) (N.D. Cal. Jun 24, 2011) (Bostic's rationale leads to the conclusion that habeas jurisdiction exists for a petitioner seeking expungement of his active gang member validation and release from the SHU as such relief "is likely to accelerate his eligibility for parole and could potentially affect the duration of his confinement."). In a recent case even more directly on point, habeas jurisdiction was recognized in the case of an inmate who, like petitioner, claimed that he had been wrongfully validated as a gang member and placed in the SHU as a direct result of which he had lost time credits extending his release date. Pezant v. Stainer, 2012 WL 2886698, No.1:11-cv-01819-LJO JLT (E.D. Cal. July 13, 2012).[3]

Respondent in the instant case has overlooked the modification of petitioner's EPRD (earliest possible release date), mischaracterized by petitioner as a new parole date. Review of the documents attached to the petition indicates that petitioner, prior to the gang validation, had an EPRD of August 15, 2018. ECF No. 1 at 76-77 (Unit Classification Committee Review reports dated May 18, 2010 and July 28, 2010, respectively). At the Administrative Segregation

---

[2] Petitioner also asserts in his opposition that eliminating his ability to earn time credits based on the gang validation rather than on rule violation(s) breached the credit-earning terms of his plea agreement and violated his Eighth and Fourteenth Amendment rights. But, as respondent observes, any discussion of petitioner's plea agreement is not germane to the issues raised by the petition. Reply (ECF No. 17) at 1.

[3] Findings and Recommendations adopted by Order filed on August 24, 2012.

Unit's Institutional Classification Hearing on April 14, 2011, following petitioner's placement into High Desert State Prison's ASU on April 5, 2011 pending his gang membership validation, his EPRD had been extended to November 24, 2020.  ECF No. 1 at 75 (HDSP ASU placement notice for gang validation dated April 5, 2011); id. at 78 (April 14, 2011 noting petitioner no longer eligible for Cal. Pen. Code §§ 2933, 2933.05).  Plaintiff's recalculated EPRD is also subsequently noted at the July 28, 2011 HDSP ASU ICC review, at which it was determined to retain petitioner in ASU pending transfer to SHU based on his validation as an active gang member/associate.  ECF No. 1 at 79.  Although respondent does not address petitioner's reference to having received a new release date, that date demonstrates that, as a result of the allegedly improper gang validation, petitioner's likely duration of custody has been extended by more than two years.  "Put simply, a sufficient nexus exists between petitioner's claims attacking respondent's administration decision to validate petitioner and incarcerate him in the SHU and the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement exists to justify habeas jurisdiction."  Pezant, 2012 WL 2886698 *4, citing Docken, 393 F.3d at 1030-31.

> Unlike many cases where no habeas jurisdiction is found because the effect of losing credits for an inmate serving an indeterminate sentence, and who is also past his or her minimum eligible parole date, on the point when the inmate is granted parole is simply too speculative to justify habeas jurisdiction, here the correlation between lost credits and Petitioner's determinate sentence is both direct and proximate. *Compare* Burton v. Adams, 2010 WL 703182 (E.D.Cal. Feb.25, 2010) (no habeas jurisdiction for claim of wrongful gang validation because, as a "lifer," petitioner's loss of credits would not affect the length of his sentence), with Corral v. Gonzalez, 2010 WL 3069244 (E.D.Cal. Aug.3, 2010) (withdrawing recommendation of dismissal for lack of habeas jurisdiction because petitioner serving determinate prison term established that loss of credits resulting from gang validation affected length of his sentence).

Id.

Therefore, this court finds that petitioner's due process claims challenging the fact of his gang validation fall within the scope of its habeas jurisdiction.

////

////

B. <u>State Law Claims</u>

Respondent argues, broadly, that prison officials' alleged failure to follow their own administrative rules and regulations in the process of validating petitioner as a prison gang associate do not support relief in federal habeas proceedings. ECF No. 12 at 4-5; ECF No. 17. Respondent further asserts that "threadbare references" to the constitution are not enough to transform petitioner's state law claims into federal issues. ECF No. 12 at 5.

It is true that "federal habeas corpus relief does not lie for error in state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991); <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984) (federal courts may not grant habeas relief where the sole ground presented involves a perceived error of state law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment). Indeed, federal courts are bound by state court rulings on questions of state law. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir. 1989). Therefore to the extent that petitioner's claims rest on state law, e.g., purported violations of state prison regulations, they are not cognizable in habeas proceedings. However, respondent does not identify any claims of the petition that are predicated entirely on state law. The motion should therefore be denied on this ground as well.

C. <u>Eighth Amendment Claims</u>

This court's finding that habeas jurisdiction exists for petitioner's due process claims does not extend to his claim that harsh conditions of his confinement in the PBSB SHU violate the Eighth Amendment. As has been noted, "habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement." <u>Ramirez v. Galaza,</u> 334 F.3d at 859. Petitioner's Eighth Amendment claim of cruel and unusual punishment in his SHU confinement may be pursued as a claim for a civil rights violation pursuant to 42 U.S.C. § 1983. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991*) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. at 498-499) ("[a] civil rights action . . . is the proper method of challenging 'conditions of ... confinement.'" ). Accordingly, petitioner's first ground for relief should be dismissed from this habeas action. Moreover, petitioner's motion seeking relief from certain

7

conditions of confinement at PBSP (ECF No. 18) is inapposite in a habeas action. Upon dismissal of the Eighth Amendment claim this motion becomes moot and should be denied on that basis.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted as to petitioner's Eighth Amendment claim (Ground One), which is not cognizable in habeas, and denied in all other respects;

2. Petitioner's motion regarding conditions of his housing (ECF No. 18) be denied as moot.

3. Respondent be directed to file an answer within thirty days of adoption of these findings and recommendations, should that occur.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 6, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE