UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL JONES MURPHY, | No. 2:13-cv-0710 GEB AC P |
| Petitioner, | |
| v. | ORDER & FINDINGS AND RECOMMENDATIONS |
| M. McDONALD, Warden, et al., | |
| Respondents. | |

Petitioner is a California state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent has answered, ECF No. 22, and petitioner filed a traverse, ECF No. 25. For the reasons which follow, the undersigned recommends that the petition be denied.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in 2004 of armed robbery and carjacking, and sentenced to a determinate term of fifteen years and eight months. On April 5, 2011, at High Desert State Prison ("HDSP"), petitioner was placed in administrative segregation when prison officials identified him as an affiliate of the Aryan Brotherhood prison gang. During the ensuing validation process, as detailed below, petitioner was provided summaries of three confidential memoranda which documented the investigation into his alleged gang affiliation. ECF No. 22-1 (Respondent's

1

Exhibit 1) at 105.[1]  Petitioner was not provided the memoranda themselves.

On April 25, 2011, petitioner was issued three Confidential Information Disclosure Forms which summarized the substance of the confidential memoranda at issue.  One disclosure form reported that a confidential memorandum dated January 26, 2011, had documented the January 19, 2011 interception of two letters sent by petitioner, one of which was directed to inmate Pennucci and identified Aryan Brotherhood leaders at HDSP, and one of which was directed to inmate Schanrock and detailed a planned Aryan Brotherhood assault on members of another group.  ECF No. 22-1 at 99.  Another disclosure form reported that a confidential memorandum dated April 5, 2011, had documented the March 22, 2011 interception of a letter sent by petitioner to inmate Schanrock that contained a list of inmates to be assaulted by the Aryan Brotherhood.  ECF No. 22-1 at 101.  The third disclosure form reported that a confidential memorandum dated April 8, 2011, had documented the April 4, 2011 interception of a letter sent by petitioner to inmate Harrison that contained both information regarding a gang-related assault and information about petitioner's association with a validated Aryan Brotherhood associate.  ECF No. 22-1 at 103.  None of the referenced letters were provided to petitioner.

On June 7, 2011, petitioner was validated as an associate of the Aryan Brotherhood.  ECF No. 22-1 at 75, 78.  As a consequence of validation, petitioner received an indefinite SHU term and was transferred to Pelican Bay State Prison, and his Earliest Possible Release Date ("EPRD") was extended by more than two years.

On March 16, 2012, petitioner filed a petition for writ of habeas corpus in Lassen County Superior Court, claiming that his validation and SHU placement violated his due process rights.  The superior court ordered the State to file under seal the confidential memorandum dated April 8, 2011.  ECF No. 22-2 (Respondent's Ex. 2).  After receiving the sealed exhibit, the court denied the petition on July 12, 2012.  ECF No. 22-3 (Respondent's Ex. 3).  The court found "that there is ample information contained in said confidential memorandum to establish a direct link between petitioner and the Aryan Brotherhood prison gang, and [that] all requisites of due process,

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

procedural and evidentiary, as to petitioner's prison gang validation have been satisfied." Id.

On August 13, 2012, petitioner presented the same claims to the California Court of Appeal. ECF No. 22-6 (Respondent's Ex. 6). The petition was denied without comment or citation on September 18, 2012. ECF No. 22-13 (Respondent's Ex. 10).

On October 22, 2012, petitioner filed his claims in the California Supreme Court. ECF No. 22-1 (Respondent's Ex. 1). The petition was denied without comment or citation on February 20, 2013. ECF No. 1 at 211 (Petitioner's Ex. AE).[2]

The instant federal habeas petition was submitted promptly thereafter. ECF No. 1. Respondent moved to dismiss, on grounds that petitioner's claims fall outside the scope of federal habeas jurisdiction. This court granted the motion as to Ground One of the petition, which alleged that petitioner's continuing SHU placement violates his Eighth Amendment rights against cruel and unusual punishment, but denied the motion as to Grounds Two and Three, which allege that the gang validation process violated petitioner's due process rights. ECF No. 19 (Findings and Recommendations), ECF No. 21 (Order adopting Findings and Recommendations).[3] Respondent filed an answer on February 21, 2014. Petitioner's traverse was filed on March 10, 2014.

## STANDARNDS GOVERNING HABEAS RELIEF

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[2] Rather than submitting a copy of the California Supreme Court's order, respondent filed a copy of that court's docket sheet for petitioner's habeas matter. ECF No. 22-14 (Respondent's Ex. 11). A docket sheet may be competent evidence of the date that an order was filed, but it is not an order and does not conclusively establish the contents of the orders it references. The undersigned does not consider a docket sheet to be an appropriate basis for review of a state court adjudication under § 2254. In the future, counsel for respondent should provide copies of California Supreme Court orders, rather than docket sheets, when submitting the state court record in habeas cases.

[3] The court found that the likely duration of petitioner's custody has been extended by the gang validation, bringing the dispute within the scope of habeas jurisdiction. See ECF No. 19 at 6.

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively

4

1   unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

2        Review under § 2254(d) is limited to the record that was before the state court. Cullen v.
3   Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court
4   reasonably applied clearly established federal law to the facts before it. Id. In other words, the
5   focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the
6   state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the
7   state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th
8   Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily,
9   without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court
10  denies a claim on the merits but without a reasoned opinion, the federal habeas court must
11  determine what arguments or theories may have supported the state court's decision, and subject
12  those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

13       Relief is also available under AEDPA where the state court predicated its adjudication of
14  a claim on an unreasonable factual determination. Miller-El v. Dretke, 545 U.S. 231, 240 (2005);
15  Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir.), cert. denied, 543 U.S. 1038 (2004). The
16  statute explicitly limits this inquiry to the evidence that was before the state court. 28 U.S.C. §
17  2254(d)(2).

18       To prevail in federal habeas proceedings, a petitioner must establish the applicability of
19  one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional
20  invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724. There is
21  no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The
22  AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v.
23  Andrade, 538 U.S. at 71.

24                              PETITIONER'S CLAIMS

25     I.     Ground Two: Sufficiency of Evidence To Support Validation

26        A. Petitioner's Allegations

27      Petitioner states his second ground for relief as follows: "Petitioner is entitled to a fair
28  validation process and active/inactive review per respondent's own regulation and petitioner's 6th

5

and 14th Amendment rights." ECF No. 1 at 2.  Because the violation of state regulations does not support federal habeas relief, see Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("federal habeas corpus relief does not lie for error in state law"), the court construes this claim as a due process challenge to the validation process and will disregard petitioner's various allegations regarding respondent's compliance with California regulations.[4]  The following specific allegations implicate petitioner's federal due process rights.

Petitioner alleges that the validation was based on "unreliable, vague, untrue evidence. . ." ECF No. 1 at 53.  He claims that the three confidential memoranda supporting validation are untrue. Id. at 55, 56.  He specifically contends that his authorship of the intercepted letters referenced in the memoranda was not proven. Id.  He alleges that the validation was improperly based on speculative inferences, and that there was no evidence showing he was a "current active" prison gang associate who had knowingly committed unlawful acts on behalf of the gang and threatened institutional security. Id. at 56-57.[5]

### B.  The Clearly Established Federal Law

In the context of prison disciplinary proceedings, due process requires only that there be "some evidence" to support the charge.  Superintendent v. Hill, 472 U.S. 445, 456 (1985).  The United States Supreme Court has not addressed the question whether this standard applies in the context of prison gang validation or placement in a security housing unit.

### C.  The State Court's Ruling

Because the California Supreme Court denied this claim without comment, ECF No. 38-1 at 70, this court "looks through" the silent denial to the last reasoned state court decision.  See Ylst v. Nunnemaker, 501 U.S. 797 (1991).  Because the superior court issued the only reasoned decision adjudicating the claim, that is the decision reviewed for reasonableness under § 2254(d). See Bonner v. Carey, 425 F.3d 1145, 1148 n.13 (9th Cir. 2005).

---

[4]  This court must defer to the judgment of the state courts that the validation did not violate state law.  See Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).

[5]  Ground Two also includes allegations regarding the deprivation of petitioner's right to see and contest the evidence against him.  These allegations are addressed in relation to Ground Three, which focuses on that issue.

1   The superior court ruled in pertinent part as follows:

> The court has made an *in camera* examination of [the April 8, 2011] confidential memorandum as well as review of petitioner's reply thereto.
>
> The court finds that there is ample information contained in said confidential memorandum to establish a direct link between petitioner and the Aryan Brotherhood prison gang, and further finds all requisites of due process, procedural and evidentiary, as to petitioner's prison gang validation have been satisfied.

ECF No. 22-3.

### D. Objective Reasonableness

First, because no Supreme Court precedent controls the questions of the quantum and reliability of evidence required for gang validation or SHU placement, the superior court's ruling cannot have unreasonably applied clearly established federal law within the meaning of § 2254(d). See Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam) (where no Supreme Court precedent that controls a legal issue raised by a habeas petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law).

Second, even if Superintendent v. Hill applies,[6] it was not unreasonably applied by the superior court. The Ninth Circuit has described the Hill standard as "minimally stringent." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). Reviewing courts may not "examine the entire record, independently assess witness credibility, or reweigh the evidence." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Instead, the court must defer to prison authorities as long as "there is *any* evidence in the record that could support the conclusion reached" by the hearing officer. Hill, 472 U.S. at 455-46 (emphasis added). This standard requires deference to inferences drawn by the hearing officer against the inmate, including those inferences petitioner here deems "speculative," as long as there exists *any* supporting evidence.

The superior court reviewed the confidential memorandum dated April 8, 2011, and held

---

[6] The Ninth Circuit has held, outside the habeas context, that it does. Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003); Castro v. Terhune, 712 F.3d 1304 (9th Cir. 2013). Holdings of the courts of appeals do not constitute "clearly established federal law" for purposes of § 2254(d) review, however. Duhaime, 200 F.3d at 600.

7

that it contained not merely "some evidence" but "ample evidence" connecting petitioner to the Aryan Brotherhood. Petitioner challenges the truth, accuracy and reliability of the information in the confidential memorandum, but such matters may not be reevaluated on judicial review as long as the evidence bears "some indicia of reliability." Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990). The only question is whether such indicia exist, not whether reliability is established to any standard of proof. Accordingly, the superior court was correct that the evidentiary requisites of due process were satisfied. See Castro v. Terhune, 712 F.3d 1304, 1314-15 (9th Cir. 2013) (finding, without reference to § 2254(d) standards,[7] that inmate's validation as gang associate was supported by "some evidence").

The undersigned has independently reviewed the confidential memorandum received under seal and reviewed *in camera* by the superior court, ECF No. 26 (under seal), and finds that the superior court made no objectively unreasonable finding of fact regarding the contents of the document.

II.   Ground Three: Failure to Disclose Confidential Information

A. Petitioner's Allegations

Petitioner contends that his due process rights were violated because he was provided summaries of the confidential information relied upon for validation, rather than the underlying confidential memoranda of the gang investigators. He alleges that he was denied access to the letters he was accused of writing, and that this restriction was not justified by confidentiality concerns because he was allegedly the author of the letters. Petitioner claims that he was thus denied the opportunity to defend himself. ECF No. 1 at 58-61.[8]

B. The Clearly Established Federal Law

The requirements of due process are "flexible and call[] for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). In the prison context, as in general, determination of the required procedures depends on a balancing of

---

[7] Castro was a prisoner civil rights case brought under 42 U.S.C. § 1983. The deference owed in this case, pursuant to § 2254(d), is even greater than in Castro.
[8] For the reasons explained previously, the court disregards petitioner's allegations of non-compliance with state regulations.

interests. Wilkinson v. Austin, 545 U.S. 209, 224-29 (2005) (applying the three-factor test of Mathews v. Eldridge, 424 U.S. 319 (1976), to inmate designations for "Supermax" placement).[9]

Due process requires that a prisoner facing disciplinary sanctions be provided "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Wolff v. McDonnell, 418 U.S. 539, 563 (1974). The inmate must also be afforded the opportunity to call witnesses and present evidence, "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. The inmate's liberty interest must be balanced against institutional and security needs. Id. Confrontation and cross-examination are not required. Id. at 567-68.

When an inmate faces placement in a "Supermax" prison, due process requires only notice of the factual basis leading to consideration for such placement, and an opportunity for rebuttal. Wilkinson v. Austin, 545 U.S. at 225-26.

C. The State Court's Ruling

The superior court denied this claim in a reasoned decision, which was presumptively adopted by the California Supreme Court's "postcard denial." See Bonner v. Carey, 425 F.3d at 1148 n.13. The superior court ruled in pertinent part as follows: "The court. . . finds all requisites of due process, procedural and evidentiary, as to petitioner's prison gang validation have been satisfied." ECF No. 22-3.

D. Objective Reasonableness

Although the state court did not specify what procedures are required by due process in the gang validation context, and did not cite any authority, its conclusion was not objectively unreasonable. See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (state court need not cite or even be aware of governing U.S. Supreme Court precedent for AEDPA deference to apply). Neither Wolff nor Austin requires that petitioner be provided access to confidential investigative memoranda or the evidence on which prison officials rely. Wolff, assuming that it applies in this

---

[9] The factors are (1) the private interest affected, (2) the risk of erroneous deprivation and availability of alternative safeguards, and (3) the government interest(s) at stake. Id.

1 context at all,[10] requires notice of the charges prior to a disciplinary determination, and a written
2 statement of the evidence relied upon when a decision is reached. 418 U.S. at 563-65. It does not
3 require direct access to all the evidence. Austin approved Supermax placement where inmates
4 were provided notice of "the factual basis leading to consideration for [such] placement," rather
5 than the evidence establishing that factual basis. 545 U.S. at 225-26. Because no United States
6 Supreme Court case recognizes petitioner's asserted right to be provided the confidential
7 investigative memoranda or the intercepted letters, the state court cannot have unreasonably
8 adjudicated the claim within the meaning of § 2254(d). See Carey v. Musladin, 549 U.S. 70, 77
9 (2006) ("Given the lack of holdings from this Court . . . it cannot be said that the state court
10 unreasonably applied clearly established Federal law.")

11 Petitioner was provided exactly what Austin requires prior to SHU placement: notice of
12 the factual basis for the alleged gang association, and an opportunity to provide a rebuttal. ECF
13 No. 22-1 at 99, 101, 103, 105 (disclosures), 107 (petitioner's written response to the disclosures).
14 Petitioner was also provided what Wolff requires prior to deprivation of good time credits: notice
15 of the charges (here, notice of the pending gang validation) at the outset, and a written statement
16 of the factual basis for the determination at the conclusion of the process. ECF No. 22-1 at 71
17 (Administrative Segregation Unit Placement Notice dated April 5, 2011, informing petitioner that
18 the Institutional Gang Investigation Unit was pursuing validation of his Aryan Brotherhood
19 association), 78 (General Chrono dated June 7, 2011, documenting validation and specifying the
20 confidential memoranda upon which that finding relied). He was denied no process guaranteed to
21 him by the United States Constitution and recognized by the United States Supreme Court.

22 To the extent if any that petitioner asserts violations of his confrontation rights, these are
23 trial rights that do not apply in prison disciplinary proceedings or segregation decisions. Wolff,
24 418 U.S. at 567-68; see also Austin, 545 U.S. at 225 (noting that prisoners already held in lawful
25 confinement are not entitled to the same procedural protections as those facing the loss of
26 freedom from all confinement). The Supreme Court has expressly acknowledged that the threat

---

[10] In Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Court of Appeals held that Wolff does not apply in the gang validation context.

10

to institutional security posed by prison gangs justifies proceedings which lack many of the attributes of an adversary hearing.  Austin, 545 at 228.

Because the superior court did not unreasonably apply clearly established federal law, this court may not disturb its adjudication of the claim.

## PETITIONER'S VARIOUS MOTIONS

Included within the body of the petition, but separately captioned as if intended as discrete motions, are the following requests: (1) request for inspection and production of documents to respondents,[11] (2) request for discovery, protective order and hearing re: alleged gang validation,[12] (3) request for leave to proceed in forma pauperis,[13] (4) request for appointment of counsel,[14] and (5) request for evidentiary hearing.[15]  The request for leave to proceed in forma pauperis is duplicative of petitioner's separate motion to proceed in forma pauperis, ECF No. 3, which was granted, ECF No. 6.  Because the petition must be denied for the reasons explained above, the remaining requests are moot.

Neither discovery nor an evidentiary hearing is available in federal court where the § 2254(d) standard is not satisfied as a preliminary matter, because review under that statute must be based exclusively on the record that was before the state court.  See Cullen v. Pinholster, 131 S. Ct. at 1398.  Appointment of counsel in federal court is within the court's discretion, and authorized where "the interests of justice so require." 18 U.S.C. § 3006A.  Because petitioner's claims are subject to dismissal under § 2254(d), and no further development of the record is permissible, that standard is not met.

## CONCLUSION

Accordingly, for the reasons explained above, it is hereby ORDERED that petitioner's motions for discovery, evidentiary hearing and appointment of counsel are DENIED.

---

[11] ECF No. 1 at 25-28.  This appears to be a discovery request directed to respondent, rather than a motion to compel discovery.  To the extent it is intended as a motion to compel, it is denied for the reasons explained above.
[12] ECF No. 1 at 29-37.
[13] ECF No. 1 at 42.
[14] ECF No. 1 at 43.
[15] ECF No. 1 at 44.

1  It is hereby RECOMMENDED that the petition for writ of habeas corpus be denied.

2  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE